UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ALFREY and JEFFREY FAY, Individually and as Administrators of the Estate of L.A.F., deceased,<br><br>Plaintiffs,<br><br>v.<br><br>KARI A. WHITLEY, M.D., et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:21-cv-01629<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

Before the court is the motion for reconsideration (Doc. 59) filed by defendants Kari A. Whitley, M.D., Lehigh Valley Physicians Groups Affiliated with the Lehigh Valley Health Network t/a LVPG Fetal Medicine-Montage, and Lehigh Valley Health Network, Inc. ("LVPG"). The motion asks that we reconsider our Memorandum and Order dated January 25, 2023. (Doc. 56; Doc. 57.)

For the reasons set forth herein, the motion will be denied.

### I. *Statement of Facts*

As we write solely for the parties, we incorporate our recitation of the facts and applicable law set forth in our Memorandum dated January

25, 2023. (Doc. 56.) *Alfrey v. Whitley*, No. 3:21-cv-01629, 2023 WL 406275 (M.D. Pa. Jan. 25, 2023). In their brief in support of their motion for reconsideration, the LVPG defendants contend that we erred, as a matter of law, in placing limitations upon counsel for the proposed deponents which the LVPG defendants contend are "inappropriate" and "contrary to any rule of civil procedure or controlling case law." (Doc. 60, at 9.) Further, they contend that the "inappropriate limitations" violate the "attorney-client privilege." (*Id.* at 10-11.) As the motion for reconsideration has been fully briefed, it is ripe for disposition. (Doc. 60; Doc. 61.)

## II. Legal Standards

A motion for reconsideration is a device of limited utility, which serves to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering or amending a court's ruling: (1) "an intervening change in the controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Soto*

*v. Sleet*, 458 Fed. App'x 89, 90 (3d Cir. 2012) (citing *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)). "It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Snyder v. United States*, No. 07-450, 2013 WL 1730537, at *1 (M.D. Pa. Apr. 22, 2013) (citing *Drysdale v. Woerth,* 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001)).

### III.  *Discussion*

The LVPG defendants base their motion for reconsideration on the ground that there is a need to correct a clear error of law.  It is not our ruling in denying the plaintiffs' motion to disqualify which the LVPG defendants ask that we reconsider.  Rather, it is the safeguards which we attached to our decision that they challenge.  The moving defendants incorrectly base their motion on the application of Pa. R. Civ. P. 4003.6 as the controlling rule.  As we pointed out in our Memorandum, despite counsel's belief that Rule 4003.6 applies, there is federal case law that found this rule inapplicable in federal court, as it is procedural only and we are not bound to follow it.  *Alfrey*, 2023 WL 406275, at *3-4.  We provided analysis of Rule 4003.6 only as an alternative, and even under

3

that rule we were unpersuaded that defense counsel should be precluded from representing the proposed deponents at their respective depositions. As Rule 4003.6 does not prevent an attorney from obtaining *information* from the employee of the attorney's client, it makes no reference as to whether that attorney can *represent* the employee of the attorney's client. We found no impediment to allowing defense counsel from representing her client's employees at their depositions.

Further, we also remind defense counsel of her representations to the court during the on-the-record argument on January 20, 2023. There, the court, in attempt to reach a consensus between counsel, offered many of the same safeguards which are now the subject of the motion before us. Defense counsel stated that while she could not agree to any limitations on the record, she assured the court that: (1) it was not her intention to go beyond the deponents' records to discuss anything with them; (2) she has never talked about the limitations of the impact of a verdict, insurance coverage, an increase in malpractice premiums, adverse publicity, and other things along those lines with witnesses and she never will; and (3) if the court imposed the limitations, she would

abide by them and stay within the bounds of the deponents' care of Ms. Alfrey.

The imposition of the limitations contained in our Order of January 25, 2023 (Doc. 57), does not violate the attorney-client privilege. We specifically permitted plaintiffs' counsel to fully explore, at deposition, the substance of the contacts between defense counsel and any of the proposed deponents, *except* for those protected by the attorney-client privilege. This is not an unusual line of questioning. We fully expect that defense counsel will object and instruct the deponents not to answer if any of those questions infringe upon the privilege. Nothing in our order precludes defense counsel from doing so.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: March 7, 2023