UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ALFREY and JEFFREY FAY, Individually and as Administrator of the Estate of L.A.F., deceased, <br><br> Plaintiffs, <br><br> v. <br><br> KARI A. WHITLEY, M.D., et al., <br><br> Defendants. | CIVIL ACTION NO. 3:21-cv-01629 <br><br> (SAPORITO, M.J.) |

## MEMORANDUM

Before the court is the motion to compel examination pursuant to Fed. R. Civ. P. 35 filed by the defendants Kari Whitley, M.D., Lehigh Valley Physicians Groups Affiliated with the Lehigh Valley Health Network t/a LVPG Maternal Fetal Medicine-Montage, and Lehigh Valley Health Network, Inc. (the "moving defendants"). (Doc. 113.) In their motion, the moving defendants request that the plaintiffs participate in a Rule 35 psychiatric evaluation. In their brief in opposition, the plaintiffs oppose the request for a psychiatric evaluation asserting that it would subject the plaintiffs to a lengthy, intrusive, invasive, and

1

duplicative *second* independent medical examination when a co-defendant has already scheduled a Rule 35 defense examination. (Doc. 118). The parties have briefed the issue and it is ripe for a decision. (Doc. 114; Doc. 117; Doc. 118) For the reasons set forth herein, we will deny the motion without prejudice.

I. *Statement of Facts*

As we write for the parties who are familiar with the facts of this case, we will only recite the facts necessary for us to decide the motion. By email dated September 20, 2023, the moving defendants requested from plaintiffs' counsel whether the plaintiffs were available for an independent psychiatric evaluation for Saturday, September 30, 2023, from 9:00 a.m. to 1:00 p.m. in a virtual format with an undisclosed person. Two days later, plaintiffs' counsel reported to defense counsel that the plaintiffs would not attend the examination because the proposed expert was not disclosed, notice was too short, and the plaintiffs were already scheduled for an examination with Dr. Rotenberg, an expert selected by co-defendant, the United States.

Thereafter, defense counsel named their psychiatry expert, John P. Williams, Jr., M.D., MBA, and requested dates of plaintiffs' availability for alternate dates. Plaintiffs' counsel advised the moving defendants' counsel that the plaintiffs would not attend an evaluation with Dr. Williams, and they requested that counsel coordinate the sharing of the expert selected by the co-defendant, the United States. This motion followed.

## II. *Legal Standards*

Fed. R. Civ. P. 35(a) permits the court to order a party, whose mental or physical condition is in issue, to submit to a physical or mental examination and to specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. However, the order may be made "only on motion for good cause" and on notice to all parties and the person to be examined. Fed. R. Civ. P. 35(a)(2)(A). Also, Fed. R. Civ. P. 26(c) provides that upon motion by a party, the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including specifying terms including time and place or the allocation of expenses for discovery. Fed. R. Civ. P. 26(c)(1)(B).

### III. Discussion

Under Fed. R. Civ. P. 35, an order compelling a mental examination may be issued only where the mental condition of the party is "in controversy" and there is "good cause" for the order. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). One of the purposes behind Rule 35 is to "level the playing field" between the two sides in cases where a party's physical or mental condition has become an issue. *Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 446 (E.D. Pa. 2001) (citing *Ragge v. MCA/Universal*, 165 F.R.D. 605, 608 (C.D. Cal. 1995)).

In *Womack,* the court identified two primary ways in which the mental or physical condition can be placed "in controversy" as follows:

> The first is where the mental or physical condition of the person is placed in issue by *another* party. In cases where the defendant seeks to make the plaintiff's mental state an issue, the defendant bears the burden of showing that the plaintiff's mental state is in controversy.
>
> The second is where the mental or physical condition of a person is placed in issue by the plaintiff through their pleadings.

*Id.* at 446-47 (emphasis in original). *Schlagenhauf* observed that

there are some cases, such as negligence suits, where the existence of a controversy regarding the plaintiff's mental or physical condition is readily apparent from the pleadings. *Schlagenhauf*, 379 U.S. at 118-19. "A plaintiff in a negligence action who asserts a mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

A garden variety emotional distress claim is "insufficient to place the plaintiff's mental condition 'in controversy' for purposes of Rule 35(a)." *Kuminka v. Atlantic City*, 551 Fed. App'x 27, 29 (3d Cir. 2014) (per curiam).

> [A] mental examination is warranted where, in addition to a claim of emotional distress, the case involves one or more of the following factors:
>
> > 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Id.* (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)); *see also Bowen v. Parking Auth. of City of Camden*, 214 F.R.D. 188, 193 (D.N.J. 2003) (same).

We must first determine if the plaintiffs have placed a mental health condition "in controversy" under the *Turner* test. Here, the plaintiffs do not dispute that their mental health condition is in issue. In fact, they have agreed to submit for mental health evaluations by a doctor selected by the co-defendant, the United States. Those evaluations are set for October 25, 2023.

We turn then to the "good cause" prong of Rule 35, a consideration that turns on the relevance and need for the psychiatric mental health examination. *King v. Mansfield Univ. of Pa.*, No. 1:11-CV-1112, 2014 WL 563323, at *2 (M.D. Pa. Feb. 11, 2014). Good cause requires a showing that the proposed examination could adduce specific facts relevant to the cause of action, and that it is necessary to the defendant's case. *Id.* (citing *Womack*, 205 F.R.D. at 447). Moreover, the court must examine the "ability of the movant to obtain the desired information by other means." *Schlagenhauf,* 379 U.S. at 118.

6

This good cause analysis is fact-sensitive, and "what may be good cause for one type of examination may not be so for another." *Schlagenhauf,* 379 U.S. at 118. If the movant can obtain the desired information through other discovery, there is no good cause for conducting the proposed Rule 35 examination to obtain that information. *Id.* "[A] request to examine a party will be denied when the information that can be obtained from a Rule 35 examination is available through other means." *McLaughlin v. Atlantic City*, Civil No. 05-2263 (RMB), 2007 WL 1108527 at *4 (D.N.J. Apr. 10, 2007). Here, the moving defendants can obtain this mental health information from the evaluation of the expert previously selected by the United States. The movants have no absolute right to an examination by a particular physician of their choice. *Stinchcomb v. U.S.*, 132 F.R.D. 29, 30 (E.D. Pa. 1990); *See also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2234, Westlaw (databases updated Sept. 2023). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request." *Shirsat v. Mut. Pharm. Co., Inc.*, 169 F.R.D. 68, 72 (E.D. Pa.

1996) (quoting *Peters v. Nelson,* 153 F.R.D. 635, 637 (N.D. Iowa 1994)). The moving defendants have an opportunity to avail themselves of an independent medical examination using the expert hired by their co-defendant, the United States. Depending upon the findings and the opinions expressed by that expert, the moving defendants may then be able to determine whether those findings and opinions need clarification or reach the issues to be decided. If the moving defendants determine that clarification is needed or that the findings and opinions do not address a certain alleged malady of the plaintiffs, they can file a subsequent motion for a second Rule 35 examination to address those deficiencies.

Even if the moving defendants had exhausted other methods of discovering the information they now seek, we do not believe that their motion, as presented, could be granted. Rule 35(a) requires that an order for examination "specify the time, place, manner, conditions, and scope of the examination." The moving defendants' general request "to permit [their] psychiatry expert John P. Williams, MD, MBA . . . to conduct independent psychiatric evaluations of Plaintiffs" and for "medical examinations by Dr. Williams" (Doc. 113 ¶¶ 12, 21) provides little

8

guidance for determining the scope of the proposed examination, despite the curriculum vitae of Dr. Williams indicating that he is a psychiatrist. (Doc. 113-3). Cf. *Schlagenhauf v. Holder*, 379 U.S. at 121 n.16.

We further note that Fed. R. Civ. P. 35(a)(2)(A) does not limit the number of independent medical examinations that may be ordered so long as "good cause" is shown for each exam. *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009). One of the instances in which courts have found "good cause" to allow multiple examinations is where a "substantial time lag occur[s] between the initial examination and trial." *Peters v. Nelson,* 153 F.R.D. 635, 638 (N.D. Iowa 1994) (citing *Lewis v. Neighbors Constr. Co.,* 49 F.R.D. 308 (W.D. Mo. 1969), and *Vopelak v. Williams,* 42 F.R.D. 387 (1967). The number of examinations ordered should be held to the "minimum necessary considering the party's right to privacy and the need for the court to have accurate information." *Id.* (quoting *Schlagenhauf v. Holder,* 321 F.2d 43 (7th Cir.1963), *vacated on other grounds,* 379 U.S. 104 (1964)). Where second examinations have been refused, the reason generally given is that there had been no showing of a change in the plaintiff's situation. *Peters,* 153 F.R.D. at 638. Thus, we will deny the motion without prejudice.

An appropriate order follows.


Dated:  October 24, 2023            *s/Joseph F. Saporito, Jr.*
                                    JOSEPH F. SAPORITO, JR.
                                    United States Magistrate Judge